John NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00458–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 4, 1991.

Rehearing Overruled June 6, 1991.

Discretionary Review Refused
Sept. 11, 1991.

W. Scott Carpenter, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roger A. Haseman, Tommy LaFon, Asst. Harris Co. Dist. Attys., for appellee.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of "selling liquor, namely one bottle of wine ... at a time not permitted by the laws of Texas, to-wit: between 4:00 A.M. Sunday and 11:58 A.M. Sunday," a misdemeanor. TEX. ALCO.BEV.CODE ANN. § 105.04, § 105.05(a), (b) (Vernon 1978). The jury assessed punishment at 180 days confinement, probated, and a $300 fine. We affirm.

Officer R.L. Bledsoe, an undercover Houston police officer, was the only witness during the guilt-innocence phase of the trial. He testified that on Sunday morning, February 7, 1988, at approximately 10:45 a.m., while in "plain clothes," he went into the Golden Key Grocery Store in Houston. He observed a person pick up a brown paper bag, walk to the wine cooler, place a bottle of wine in it, return to the cash register, and pay for it. Appellant,

the cashier, rang up the transaction. Officer Bledsoe then picked up a brown paper bag near the cash register, walked to the store's wine cooler, and took a bottle labeled "Thunderbird" out of the wine cooler. Bledsoe put the bottle into the bag and walked to the counter. Bledsoe placed the bag and bottle on the counter at the checkout booth. Appellant opened the bag, looked inside it, told the officer that it cost $1.25, and sold him the bottle.

The bottle that Officer Bledsoe purchased on February 7 was not introduced into evidence. Instead, the State introduced another bottle of Thunderbird wine (labeled State's Exhibit number one), which Officer Bledsoe identified as identical to the one he bought at the Golden Key grocery.

Officer Bledsoe testified that the bottle he obtained from the cooler was labeled "Thunderbird Wine," and that, based on his reading of the bottle's label, he "purchased a bottle of Thunderbird Wine ... eighteen percent alcohol." On cross-examination, however, he testified that he did not know what State's Exhibit number one was made of, and that he had no personal knowledge whether the product he purchased contained more than one-half of one percent of alcohol by volume. When asked if he had "personal knowledge of the contents" of the product he bought on Sunday morning, Officer Bledsoe said, "it says 'wine' on the label, and that's good enough for me." Based on the label, he believed the bottle to contain wine; however, he neither tasted the substance within, nor submitted it to a police laboratory for chemical analysis. He testified that the seal on the bottle that he bought was unbroken.

The label of State's Exhibit number one bears the inscription:

THUNDERBIRD

Serve Cold

American Classic

ALCOHOL 18% BY VOLUME 750 ML

At trial, appellant repeatedly objected to Bledsoe's statement that he purchased "wine" on grounds that it was inadmissible

hearsay because it was based on a potentially unreliable, out-of-court statement: the bottle label.

The jury charge included the following instructions:

[I]f you believe from the evidence beyond a reasonable doubt that the defendant, JOHN NGUYEN, in Harris County, Texas, on or about the 7th day of February, 1988, did knowingly sell liquor, namely one bottle of wine to R.L. BLEDSOE, at a time not permitted by the laws of Texas, to wit: between 4:00 a.m. Sunday and 11:58 a.m. Sunday, you will find the defendant guilty.

"Liquor" means any alcoholic beverage containing alcohol in excess of four percent by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, rum, ale, malt liquor, tequila, mescal, habanero, or barreteago, is prima facie evidence that it is liquor.

"Wine and vinous liquor" means the product obtained from the alcoholic fermentation of juice of sound ripe grapes, fruits, berries or honey.

In point of error one, Appellant asserts the trial court erred in denying his requested jury definition of the term "alcoholic beverage" as defined by the code:

ALCOHOLIC BEVERAGE means alcohol, or any beverage containing more than one-half of one percent of alcohol by volume, which is capable of being used for beverage purposes, either alone or when diluted.

TEX.ALCO.BEV.CODE ANN. § 1.04(1) (Vernon 1978).

A trial court's charge should include a definition of any legal phrase that the jury must necessarily use in properly resolving the issues. *Thomas v. State,* 474 S.W.2d 692, 695 (Tex.Crim.App.1972). The trial court should provide the statutory definition for any term that is statutorily defined. *Watson v. State,* 548 S.W.2d 676, 679 n. 3 (Tex.Crim.App.1977).

When reviewing a trial court's jury instructions, the appellate court should first determine whether the charge given (or omission therefrom) was erroneous, and second determine whether the error, if any, caused sufficient harm so as to require a reversal. *See Gibson v. State,* 726 S.W.2d 129, 133 (Tex.Crim.App.1987) (op. on reh'g); *Almanza v. State,* 686 S.W.2d 157, 159 (Tex.Crim.App.1985), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987); *Tissier v. State,* 792 S.W.2d 120, 123 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Assuming, without deciding, that the trial court's refusal to give the jury the statutory definition of "alcoholic beverage" was error, we ask if the error created harm so as to require a reversal.

Although the term "alcoholic beverage" is statutorily defined by TEX.ALCO.BEV.CODE ANN. § 1.04(1), the statutory definition is neither complex nor unusual, and the definition is much like the common meaning of the word. Further, much of the statutory definition involves the concept of "capable of use for beverage purposes"—a factor not in issue here. Examining the court's charge as a whole, we find that the context in which the term "alcoholic beverage" was used, and its relation to other words and terms used in the charge, adequately conveyed to the jury the meaning of the term "alcoholic beverage" under the facts in this case. The language of the Alcoholic Beverage Code is to be construed in its ordinary meaning, except where words or phrases are specifically defined and given a technical interpretation. TEX.ALCO.BEV.CODE ANN. § 1.02 (Vernon 1978). We find that beyond a reasonable doubt, appellant was not harmed by the trial court's exclusion of the statutory definition of the term "alcoholic beverage." *Mosely v. State,* 686 S.W.2d 180, 182, n. 2 (Tex.Crim.App.1985); TEX. R.APP.P. 81(b)(2).

We overrule point of error one.

In point of error two, appellant complains that the trial court erred in admitting Bledsoe's objected to testimony regarding the *percentage of the alcohol in the liquid product* because it was hearsay. According to appellant, Bledsoe personally knew nothing of the alcoholic percentage of the bottle's contents, basing his conclusion

on the label. Appellant argues that the alcohol content information on the label is presumably based upon tests or experiments performed by persons out of court, and the results printed on the label are therefore hearsay.

State's Exhibit one was a bottle of Thunderbird wine identical to the bottle of wine Officer Bledsoe bought on February 7, 1988. The label on that bottle, and Officer Bledsoe's testimony as to the recitations on the label of the sealed bottle he purchased, establish only that the Thunderbird bottle label *says* that the contents of the bottle is wine and that the alcohol content is 18% by volume. Texas cases hold that the original label on a sealed product is admissible in evidence and can provide evidence of the contents of the product. *Musgrove v. State,* 159 Tex.Crim. 571, 265 S.W.2d 820, 822, 823 (1953) (recitations on label sufficient to identify substance as whiskey); *Adair v. State,* 157 Tex.Crim. 27, 246 S.W.2d 211, 212 (1952) (original labels on beer bottles admissible in evidence); *Ferguson v. State,* 133 Tex.Crim. 250, 110 S.W.2d 61, 62 (1937) (labels on whiskey bottles admissible and descriptive).

The *Musgrove* case holds that where the purchaser asked for whiskey and appellant delivered an unknown liquid in a bottle and received payment, "such acts were admissions of the accused that the liquid was whisky, absent contrary evidence." Thus, the labels on the bottles were admissible because admissions are an exception to the hearsay rule. TEX.R.CRIM.EVID. 801(e)(2). Similarly, in the present case, the bottle of Thunderbird purchased by Officer Bledsoe had been placed by the store in a cooler for wine, and the store sold it representing the product was wine. As a representative of the store in selling merchandise, appellant represented that each item for sale was what it purported to be. This was nonverbal conduct intended as a substitute for verbal expression. TEX.R.CRIM.EVID. 801(a) and (e)(2).

We overrule point of error two.

■ In points of error three and four, appellant complains that the trial court erred in denying his motion for instructed verdict, and in entering judgment, because the evidence was insufficient to establish that appellant sold liquor, wine, or an alcoholic beverage. Appellant argues that *even if* the percentage of alcohol by volume evidence was proper, there is absolutely no evidence that the beverage he bought on February 7, 1990, "was wine or an alcoholic beverage containing alcohol in excess of four percent **by weight.**" (Emphasis added.)

The Alcoholic Beverage Code unambiguously provides that "proof that a substance is ... wine is prima facie evidence that [a substance] is liquor." TEX.ALCO. BEV.CODE ANN. § 1.04(5) (Vernon 1978). The jury was so instructed. Therefore, proof of the alcoholic content by weight of the wine is irrelevant to the conviction. As noted above, there was sufficient evidence for the jury to find that appellant sold wine on a Sunday morning.

We overrule points of error three and four.

We affirm the judgment.