RANGER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-354-CR

ADRIAN LAMAR RANGER A/K/A APPELLANT

ADRIAN LAMAR WRANGER

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Adrian Lamar Ranger a/k/a Adrian Lamar Wranger appeals his conviction and sixty-year sentence for aggravated sexual assault.  In his first point, appellant contends that the trial court erred in admitting evidence that when the police were investigating appellant for this offense, they arrested him pursuant to a felony warrant for a different offense.  In his second point, appellant complains that the trial court erred in failing to instruct the jury sua
 
sponte that it must first find beyond a reasonable doubt that appellant had committed the offenses before it could consider them.  In his third point, appellant asserts that the trial court committed reversible error by permitting the State to introduce evidence that appellant was on deferred adjudication.  In his fourth and fifth points, appellant contends that the trial court reversibly erred during the punishment phase by failing to include a definition of “criminally responsible” in the punishment charge and by failing to charge the jury that any extraneous offense must be proven beyond a reasonable doubt.   We affirm.  

II.  Background Facts

On January 2, 2004 at approximately 2:15 a.m., appellant and an accomplice forced their way into Michael Turk’s apartment at gunpoint and assaulted the occupants, including Sally Smith (pseudonym), whom they also sexually assaulted.  Appellant and his accomplice took Smith’s car when they left the apartment.  Appellant was later arrested at a 
Town Inn Suites after an Arlington police officer noticed Smith’s car in the back of the parking lot.  After talking with the motel manager and discovering that appellant had driven the car to the motel and had registered for a room under his name, the police surrounded appellant’s second floor room and ordered him to come out.   Appellant was arrested on an outstanding warrant and later charged with the instant offense.

III.  Admissibility of Extraneous Offenses

In his first point, appellant complains that the trial court erred in overruling his objection to the State’s evidence that the police had a felony arrest warrant for him because the effect of the evidence was to show that he had acted in conformity with his criminal character in violation of rule of evidence 404. 
See 
Tex. R. Evid.
 404(a).  Appellant argues that he properly preserved error by filing a motion in limine, which the trial court granted, and by objecting when the prosecutor and witness first mentioned the warrant.  The State contends that the trial court did not err by admitting the testimony that appellant was arrested under the authority of an arrest warrant, and alternatively, that appellant failed to properly preserve error because he did not object during the State’s introduction of the evidence before the jury.

A.  Standard of Review

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  An early objection is just as fatal as a late one.  
See Johnson v. State
, 977 S.W.2d 725, 728 (Tex. App.—Fort Worth 1998, pet. ref’d) (op. on reh’g).
 

The granting of a motion in limine does not preserve error in the admission of evidence; the party must object when the evidence is offered at trial. 
 Wilkerson v. State
, 881 S.W.2d 321, 326 (Tex. Crim. App.), 
cert. denied,
 513 U.S. 1060 (1994); 
Gonzales v. State
, 685 S.W.2d 47, 50 (Tex. Crim. App.), 
cert. denied
, 472 U.S. 1009 (1985).

B.  Analysis

Here, appellant filed a motion in limine to exclude all extraneous offenses.  When the State asked for clarification as to what extraneous offenses appellant wanted to exclude, appellant’s counsel stated, “[M]ostly I’m looking at the fact that I believe he was on probation or deferred adjudication.”  After the State agreed that it would not mention that appellant was on deferred adjudication, the trial court granted appellant’s motion in limine.

During its opening statement, the State mentioned that the Arlington Police Department got appellant’s name from the hotel’s records and determined that there was a warrant for appellant’s arrest.  Appellant objected to this statement on the basis that it violated the motion in limine and that it is an extraneous offense.  The State argued that it was not going to mention what the warrant was for, just that there was a warrant for appellant’s arrest.  The trial court allowed the prosecutor’s statement and overruled appellant’s objection. 

The next time that the arrest warrant was mentioned was during the State’s direct examination of Officer Daniel L. Poe, a patrol officer for the Arlington Police Department.  
The State asked Officer Poe if he had “knowledge that there was a felony warrant for the arrest of [appellant]” when the police officers were positioning themselves outside the motel room that appellant was in, and Officer Poe stated that he was aware of the arrest warrant.  Appellant did not object to this testimony.    

To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence  was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).  This rule applies whether the other evidence was introduced by the defendant or the State.  
Leday
, 983 S.W.2d at 718.  Appellant has not properly preserved error because he did not renew his extraneous offense objection during Officer Poe’s testimony regarding the outstanding arrest warrant; therefore, we overrule appellant’s first point.

IV.  Extraneous Offense Reasonable Doubt Instruction

In appellant’s second point, he contends that the trial court erred by not instructing the jury sua sponte
 
that it must first find beyond a reasonable doubt that appellant had committed an extraneous offense before it could consider it as evidence against appellant.  Both the guilt-innocence and punishment charges included an instruction that the State must prove any extraneous offenses beyond a reasonable doubt.  Thus, we conclude that appellant is complaining that the trial court should have also verbally instructed the jury sua sponte when the evidence was first admitted. 

Analysis

Appellant argues that even though he did not timely request an instruction, the trial court should have been required to instruct the jury sua sponte.  However, appellant cites no authority for the proposition that a trial court must give a reasonable doubt instruction sua sponte when the extraneous offense evidence is 
admitted
 at guilt-innocence.  Both cases cited by appellant, 
Huizar v. State
 and 
Allen v. State
, are punishment charge cases and do not pertain to oral instructions given during guilt-innocence. 
 Huizar v. State
, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000) (op. on reh’g); 
Allen v. State, 
47 S.W.3d 47, 50 (Tex. App.སྭFort Worth 2001, pet. ref’d).  

Further, we recently held in 
Allen v. State
, that a sua sponte reasonable doubt instruction is not required in the guilt-innocence charge.  No. 02-03-00404-CR, 2005 WL 3081692, at *4-5 (Tex. App.སྭFort Worth Nov. 17, 2005, no pet. h.).  Because a sua sponte instruction is not even required in the charge, we conclude appellant’s argument that such an instruction is required when the evidence is admitted is not logical.  We overrule appellant’s second point.

V.  Punishment Phase

In appellant’s third point, he complains that the trial court committed reversible error by allowing the State to introduce evidence during the punishment phase that appellant was on deferred adjudication without providing specific notice of its intent to introduce the evidence or appending the allegation to the indictment under 
United States v. Booker
.  
See 
543 U.S. 220, 125 S. Ct. 738, 749 (2005) (holding any fact that increases punishment must be proven beyond a reasonable doubt by jury).  The State argues that the trial court did not err because appellant did not object to the admission of the evidence. 

Analysis

Bryan Taylor, a probation officer for the Tarrant County Community Supervision and Corrections Department, testified that he was familiar with appellant because he supervised appellant’s probation.  Taylor stated that on February 4, 2003, appellant was placed on deferred adjudication probation for burglary of a habitation with intent to commit theft.  Appellant did not object to this testimony on any grounds.  Because appellant did not object, he has not properly preserved error for appeal.  We overrule his third point.  
See 
Tex. R. App. P.
 33.1(a)(1); 
see also Mosley
, 983 S.W.2d at 265. 

VI.  Jury Charge

In his fourth and fifth points, appellant generally complains about jury charge errors.  Specifically, in his fourth point, appellant complains that the trial court erred because it did not include a definition of “criminally responsible” in the punishment charge.  In his fifth point, appellant argues that the trial court erred in the wording of the punishment charge by failing to charge the jury that any extraneous offense for which appellant could be held criminally responsible must be proven beyond a reasonable doubt.

A.  Definition of “Criminally Responsible”

Appellant contends that the trial court committed reversible error by failing to include a definition of “criminally responsible” in the punishment charge because “criminally responsible” does not have a common meaning for jurors to agree upon.  The State contends that appellant has failed to establish that he suffered actual harm by the definition’s omission and that even if the omission was in error, the error was harmless.

1. Applicable Law

A trial court's charge should include a definition of any legal phrase that the jury must necessarily use in properly resolving the issues.  
Nguyen v. State
, 811 S.W.2d 165, 167 (Tex. App.སྭHouston [1st Dist.] 1991, pet. ref’d).  The trial court should provide the statutory definition for any term that is statutorily defined.  
Id.  
A statutory definition exists for “criminally responsible.”  
See 
Tex. Penal Code Ann.
 § 7.02(a) (Vernon 2003).  Section 7.02(a) provides, 

A person is 
criminally responsible 
for an offense committed by the conduct of another if: 

(1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

Id.
 (emphasis added).

2.  Standard of Review and Analysis

When a definition is not included in the jury charge, it is assumed that the jury will consider the commonly understood meaning of the term in its deliberations.  
Lindsay v. State
, 102 S.W.3d 223, 230 (Tex. App.སྭHouston [14th Dist.] 2003, pet. ref’d); 
see also Olveda v. State
, 650 S.W.2d 408, 409 (Tex. Crim. App. 1983).  “Criminally responsible” does not have a common definition every jury member could easily agree upon.  
Lindsay
, 102 S.W.3d at 231.  One juror may define it as “arrested and convicted” while another could define it as “participating in any way” with the crime.  
Id.  
We hold that “criminally responsible” has a statutory definition and that the term does not have a common meaning.  For these reasons, we hold that the trial court erred by not including the definition of “criminally responsible” in the punishment charge.

Because appellant did not object at trial to the error in the court’s charge, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that “egregious harm” has occurred. 
 Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  
Almanza
, 686 S.W.2d at 174.  Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.  
Ellison v. State
, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); 
Hutch
, 922 S.W.2d at 171. 

We now turn to an examination of whether the harm was so egregious as to require reversal.  
During the guilt-innocence phase, the State introduced an abundance of evidence that appellant had sexually assaulted Smith.  
Smith testified that after appellant entered the apartment, he sat on the couch beside her and asked her if he could “mess with her.”  Smith told appellant to do whatever he wanted to, but just not to hurt her.  Appellant then removed Smith’s pants and panties and began to digitally penetrate her vagina.  After the assault, appellant got up and walked into another room.  Smith testified that after one of the two men moved her to the floor, appellant tied her legs together at the ankles and then lifted her up on her knees and penetrated her vagina with his penis.

Nicholas Noll, who also lived at the apartment and came home during the invasion, testified that he was lying next to Smith on the floor the second time that Smith was sexually assaulted by appellant.  Noll stated that he held Smith’s hand during the sexual assault because he knew that she was being assaulted.

Appellant was also found with Smith’s car.  In addition, 
Constance Patton, a DNA forensic analyst, testified that samples found on a condom, a bite mark on Smith’s forearm, vaginal and anal swabs from Smith, Smith’s panties, and the carpet in the apartment all matched with appellant’s DNA.  Patton testified that the probability of someone having the same genetic profile as appellant is one in thirty quadrillion.

Additionally, the jury’s sentence of sixty-years confinement was within the statutory range of punishment for aggravated sexual assault.  
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003), § 22.021(e) (Vernon Supp. 2005).  Aggravated sexual assault is a first degree felony and carries a punishment of five to ninety-nine years’ imprisonment.  
Id. 
§ 12.32. The jury’s sentence was within the statutory range and therefore egregious harm has not been demonstrated.  
See Allen
, 47 S.W.3d at 53.  

Finally, the guilt-innocence charge properly defined “criminally responsible.”  
Tex. Penal Code Ann.
 § 7.02(a).  However, appellant argues that because the punishment charge did not define the term, that he suffered egregious harm.  We disagree.  Based on our careful review of the record, discussed above, we hold that appellant did not suffer egregious harm by the omission of the definition of “criminally responsible” in the punishment charge.  Therefore, we overrule his fourth point.

B.  Extraneous Offense Instruction

In his fifth point, appellant contends that the trial court reversibly erred  because it failed to state in the punishment charge that any alleged extraneous offense must be proven beyond a reasonable doubt as required by 
Huizar
.  
See Huizar, 
12 S.W.3d at 481.  The State argues that the trial court properly charged the jury by including the instruction. 

1.  Applicable Facts

The jury charge stated,

You are instructed that if there is any testimony before you in this case regarding [appellant] having committed a crime or bad act other than the offense for which he has been found guilty by you, then you may consider evidence of such extraneous crime or bad act, if any, in assessing punishment even if [appellant] has not yet been charged with or finally convicted of the crime or act.  However, you may consider such evidence only if the extraneous crime or bad act has been shown by the State beyond a reasonable doubt to have been committed by [appellant] or is one for which [appellant] could be held criminally responsible.  

Therefore, if you find and believe 
beyond a reasonable doubt that [appellant] committed an extraneous crime or bad act 
or could be held criminally responsible for an extraneous crime or bad act, then you may consider such evidence in assessing [appellant’s] punishment.  However, if you have a reasonable doubt that [appellant] committed an extraneous offense or bad act or could be held criminally responsible for an extraneous crime or bad act, then you may not consider such evidence in assessing punishment.  [Emphasis added.]

2.  Analysis

Clearly, this charge, instructed the jury that, before it could consider an extraneous crime or bad act for which appellant had already been found guilty or for which he could be charged and found criminally responsible, it had to first find that appellant committed the crime or bad act beyond a reasonable doubt. 
See id.
 (noting punishment charge included appropriate extraneous offense instruction).  Because we hold that the trial court included the proper instruction on the State’s burden of proof as to extraneous offenses, we overrule appellant’s fifth point.

VII.  Conclusion

Having overruled appellant’s five points, we affirm the trial court’s judgment.   

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 15, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.