COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-354-CR

 

 

ADRIAN LAMAR RANGER A/K/A                                            APPELLANT

ADRIAN
LAMAR WRANGER

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

------------

I.  Introduction








Appellant Adrian Lamar Ranger
a/k/a Adrian Lamar Wranger appeals his conviction and sixty-year sentence for
aggravated sexual assault.  In his first
point, appellant contends that the trial court erred in admitting evidence that
when the police were investigating appellant for this offense, they arrested
him pursuant to a felony warrant for a different offense.  In his second point, appellant complains that
the trial court erred in failing to instruct the jury sua sponte that it
must first find beyond a reasonable doubt that appellant had committed the
offenses before it could consider them. 
In his third point, appellant asserts that the trial court committed
reversible error by permitting the State to introduce evidence that appellant
was on deferred adjudication.  In his
fourth and fifth points, appellant contends that the trial court reversibly
erred during the punishment phase by failing to include a definition of Acriminally responsible@ in the punishment charge and by failing to charge the jury that any
extraneous offense must be proven beyond a reasonable doubt.   We affirm. 


II.  Background Facts








On January 2, 2004 at
approximately 2:15 a.m., appellant and an accomplice forced their way into
Michael Turk=s apartment
at gunpoint and assaulted the occupants, including Sally Smith (pseudonym),
whom they also sexually assaulted. 
Appellant and his accomplice took Smith=s car when they left the apartment. 
Appellant was later arrested at a Town Inn Suites after an Arlington
police officer noticed Smith=s car in the back of the parking lot. 
After talking with the motel manager and discovering that appellant had
driven the car to the motel and had registered for a room under his name, the
police surrounded appellant=s second floor room and ordered him to come out.   Appellant was arrested on an outstanding
warrant and later charged with the instant offense.

III.  Admissibility of Extraneous Offenses

In his first point, appellant
complains that the trial court erred in overruling his objection to the State=s evidence that the police had a felony arrest warrant for him because
the effect of the evidence was to show that he had acted in conformity with his
criminal character in violation of rule of evidence 404. See Tex. R. Evid. 404(a).  Appellant argues that he properly preserved
error by filing a motion in limine, which the trial court granted, and by
objecting when the prosecutor and witness first mentioned the warrant.  The State contends that the trial court did
not err by admitting the testimony that appellant was arrested under the
authority of an arrest warrant, and alternatively, that appellant failed to
properly preserve error because he did not object during the State=s introduction of the evidence before the jury.

A.  Standard of Review








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).

An objection must be made as soon as the basis for the
objection becomes apparent.  Tex. R. Evid. 103(a)(1); Lagrone v. State,
942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 917
(1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  An early objection is just as fatal as a late
one.  See Johnson v. State, 977
S.W.2d 725, 728 (Tex. App.CFort Worth 1998,
pet. ref=d) (op. on reh=g). 

The granting of a motion in limine does not preserve error
in the admission of evidence; the party must object when the evidence is
offered at trial.  Wilkerson v. State,
881 S.W.2d 321, 326 (Tex. Crim. App.), cert. denied, 513 U.S. 1060
(1994); Gonzales v. State, 685 S.W.2d 47, 50 (Tex. Crim. App.), cert.
denied, 472 U.S. 1009 (1985).

B.  Analysis








Here, appellant filed a motion in limine to exclude all
extraneous offenses.  When the State
asked for clarification as to what extraneous offenses appellant wanted to
exclude, appellant=s counsel stated, A[M]ostly I=m looking at the
fact that I believe he was on probation or deferred adjudication.@  After the State agreed that it would not
mention that appellant was on deferred adjudication, the trial court granted
appellant=s motion in limine.

During its opening statement, the State mentioned that the
Arlington Police Department got appellant=s name from the
hotel=s records and
determined that there was a warrant for appellant=s arrest.  Appellant objected to this statement on the
basis that it violated the motion in limine and that it is an extraneous
offense.  The State argued that it was
not going to mention what the warrant was for, just that there was a warrant
for appellant=s arrest. 
The trial court allowed the prosecutor=s statement and
overruled appellant=s objection. 

The next time that the arrest warrant was mentioned was
during the State=s direct examination of Officer Daniel L.
Poe, a patrol officer for the Arlington Police Department.  The State asked Officer Poe if he had Aknowledge that
there was a felony warrant for the arrest of [appellant]@ when the police
officers were positioning themselves outside the motel room that appellant was
in, and Officer Poe stated that he was aware of the arrest warrant.  Appellant did not object to this testimony.    








To preserve error, a party must continue to object each
time the objectionable evidence is offered. 
Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999); Ethington v. State, 819 S.W.2d 854, 858-59
(Tex. Crim. App. 1991).  A trial court=s erroneous
admission of evidence will not require reversal when other such evidence  was received without objection, either before
or after the complained-of ruling.  Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v.
State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501
U.S. 1259 (1991), overruled on other grounds by Heitman v. State, 815
S.W.2d 681 (Tex. Crim. App. 1991).  This
rule applies whether the other evidence was introduced by the defendant or the
State.  Leday, 983 S.W.2d at
718.  Appellant has not properly
preserved error because he did not renew his extraneous offense objection
during Officer Poe=s testimony regarding the outstanding
arrest warrant; therefore, we overrule appellant=s first point.

IV.  Extraneous
Offense Reasonable Doubt Instruction

In appellant=s second point, he contends that the trial court erred by not
instructing the jury sua sponte that it must first find beyond a
reasonable doubt that appellant had committed an extraneous offense before it
could consider it as evidence against appellant.  Both the guilt-innocence and punishment
charges included an instruction that the State must prove any extraneous
offenses beyond a reasonable doubt. 
Thus, we conclude that appellant is complaining that the trial court
should have also verbally instructed the jury sua sponte when the evidence was
first admitted. 








Analysis

Appellant argues that even
though he did not timely request an instruction, the trial court should have
been required to instruct the jury sua sponte. 
However, appellant cites no authority for the proposition that a trial
court must give a reasonable doubt instruction sua sponte when the extraneous
offense evidence is admitted at guilt-innocence.  Both cases cited by appellant, Huizar v.
State and Allen v. State, are punishment charge cases and do not
pertain to oral instructions given during guilt-innocence.  Huizar v. State, 12 S.W.3d 479, 481 (Tex.
Crim. App. 2000) (op. on reh=g); Allen v. State, 47 S.W.3d 47, 50 (Tex. App._Fort
Worth 2001, pet. ref=d).  

Further, we recently held in Allen
v. State, that a sua sponte reasonable doubt instruction is not required in
the guilt-innocence charge.  No.
02-03-00404-CR, 2005 WL 3081692, at *4-5 (Tex. App._Fort
Worth Nov. 17, 2005, no pet. h.). 
Because a sua sponte instruction is not even required in the charge, we
conclude appellant=s argument
that such an instruction is required when the evidence is admitted is not
logical.  We overrule appellant=s second point.

V.  Punishment Phase








In appellant=s third point, he complains that the trial court committed reversible
error by allowing the State to introduce evidence during the punishment phase
that appellant was on deferred adjudication without providing specific notice
of its intent to introduce the evidence or appending the allegation to the
indictment under United States v. Booker.  See 543 U.S. 220, 125 S. Ct. 738, 749
(2005) (holding any fact that increases punishment must be proven beyond a
reasonable doubt by jury).  The State
argues that the trial court did not err because appellant did not object to the
admission of the evidence. 

Analysis

Bryan Taylor, a probation
officer for the Tarrant County Community Supervision and Corrections
Department, testified that he was familiar with appellant because he supervised
appellant=s
probation.  Taylor stated that on
February 4, 2003, appellant was placed on deferred adjudication probation for
burglary of a habitation with intent to commit theft.  Appellant did not object to this testimony on
any grounds.  Because appellant did not
object, he has not properly preserved error for appeal.  We overrule his third point.  See Tex.
R. App. P. 33.1(a)(1); see also Mosley, 983 S.W.2d at 265. 

VI.  Jury Charge








In his fourth and fifth
points, appellant generally complains about jury charge errors.  Specifically, in his fourth point, appellant
complains that the trial court erred because it did not include a definition of
Acriminally responsible@ in the punishment charge.  In
his fifth point, appellant argues that the trial court erred in the wording of
the punishment charge by failing to charge the jury that any extraneous offense
for which appellant could be held criminally responsible must be proven beyond
a reasonable doubt.

A.  Definition of ACriminally Responsible@

Appellant contends that the
trial court committed reversible error by failing to include a definition of Acriminally responsible@ in the punishment charge because Acriminally responsible@ does not have a common meaning for jurors to agree upon.  The State contends that appellant has failed
to establish that he suffered actual harm by the definition=s omission and that even if the omission was in error, the error was
harmless.

1. Applicable Law

A trial court's charge should
include a definition of any legal phrase that the jury must necessarily use in
properly resolving the issues.  Nguyen
v. State, 811 S.W.2d 165, 167 (Tex. App._Houston
[1st Dist.] 1991, pet. ref=d).  The trial court should
provide the statutory definition for any term that is statutorily defined.  Id. 
A statutory definition exists for Acriminally responsible.@  See Tex. Penal Code Ann. ' 7.02(a) (Vernon 2003).  Section
7.02(a) provides, 

A
person is criminally responsible for an offense committed by the conduct
of another if: 

 








(1) acting with the kind of culpability required
for the offense, he causes or aids an innocent or nonresponsible person to
engage in conduct prohibited by the definition of the offense;

 

(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense; or

 

(3) having a legal duty to prevent commission of
the offense and acting with intent to promote or assist its commission, he
fails to make a reasonable effort to prevent commission of the offense.

 

Id.
(emphasis added).

2.  Standard of Review and Analysis

When a definition is not
included in the jury charge, it is assumed that the jury will consider the
commonly understood meaning of the term in its deliberations.  Lindsay v. State, 102 S.W.3d 223, 230
(Tex. App._Houston [14th Dist.] 2003, pet. ref=d); see also Olveda v. State, 650 S.W.2d 408, 409 (Tex. Crim.
App. 1983).  ACriminally responsible@ does not have a common definition every jury member could easily
agree upon.  Lindsay, 102 S.W.3d
at 231.  One juror may define it as Aarrested and convicted@ while another could define it as Aparticipating in any way@ with the crime.  Id.  We hold that Acriminally responsible@ has a statutory definition and that the term does not have a common
meaning.  For these reasons, we hold that
the trial court erred by not including the definition of Acriminally responsible@ in the punishment charge.








Because appellant did not
object at trial to the error in the court=s charge, we must decide whether the error was so egregious and
created such harm that appellant did not have a fair and impartial trialCin short, that Aegregious
harm@ has occurred.  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g); see Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996).

In making this determination,
Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@  Almanza, 686 S.W.2d at
171; see generally Hutch, 922 S.W.2d at 172-74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227 (Tex.
Crim. App. 2002); Hutch, 922 S.W.2d at 171. 








We now turn to an examination
of whether the harm was so egregious as to require reversal.  During the guilt-innocence phase, the State
introduced an abundance of evidence that appellant had sexually assaulted
Smith.  Smith testified that after
appellant entered the apartment, he sat on the couch beside her and asked her
if he could Amess with
her.@  Smith told appellant to do
whatever he wanted to, but just not to hurt her.  Appellant then removed Smith=s pants and panties and began to digitally penetrate her vagina.  After the assault, appellant got up and
walked into another room.  Smith
testified that after one of the two men moved her to the floor, appellant tied
her legs together at the ankles and then lifted her up on her knees and
penetrated her vagina with his penis.

Nicholas Noll, who also lived
at the apartment and came home during the invasion, testified that he was lying
next to Smith on the floor the second time that Smith was sexually assaulted by
appellant.  Noll stated that he held
Smith=s hand during the sexual assault because he knew that she was being
assaulted.

Appellant was also found with
Smith=s car.  In addition, Constance
Patton, a DNA forensic analyst, testified that samples found on a condom, a
bite mark on Smith=s forearm,
vaginal and anal swabs from Smith, Smith=s panties, and the carpet in the apartment all matched with appellant=s DNA.  Patton testified that
the probability of someone having the same genetic profile as appellant is one
in thirty quadrillion.








Additionally, the jury=s sentence of sixty-years confinement was within the statutory range
of punishment for aggravated sexual assault. 
Tex. Penal Code Ann. ' 12.32 (Vernon 2003), ' 22.021(e) (Vernon Supp. 2005). 
Aggravated sexual assault is a first degree felony and carries a
punishment of five to ninety-nine years= imprisonment.  Id. ' 12.32. The jury=s sentence
was within the statutory range and therefore egregious harm has not been
demonstrated.  See Allen, 47
S.W.3d at 53.  

Finally, the guilt-innocence
charge properly defined Acriminally
responsible.@  Tex. Penal
Code Ann. '
7.02(a).  However, appellant argues that
because the punishment charge did not define the term, that he suffered
egregious harm.  We disagree.  Based on our careful review of the record,
discussed above, we hold that appellant did not suffer egregious harm by the
omission of the definition of Acriminally responsible@ in the punishment charge. 
Therefore, we overrule his fourth point.

B.  Extraneous Offense Instruction

In his fifth point, appellant
contends that the trial court reversibly erred 
because it failed to state in the punishment charge that any alleged
extraneous offense must be proven beyond a reasonable doubt as required by Huizar.  See Huizar, 12 S.W.3d at 481.  The State argues that the trial court
properly charged the jury by including the instruction. 

 

 








1.  Applicable Facts

The jury charge stated,

You are instructed that if there is any testimony
before you in this case regarding [appellant] having committed a crime or bad
act other than the offense for which he has been found guilty by you, then you
may consider evidence of such extraneous crime or bad act, if any, in assessing
punishment even if [appellant] has not yet been charged with or finally convicted
of the crime or act.  However, you may
consider such evidence only if the extraneous crime or bad act has been shown
by the State beyond a reasonable doubt to have been committed by [appellant] or
is one for which [appellant] could be held criminally responsible.  

 

Therefore, if you find and believe beyond a
reasonable doubt that [appellant] committed an extraneous crime or bad act or
could be held criminally responsible for an extraneous crime or bad act, then
you may consider such evidence in assessing [appellant=s]
punishment.  However, if you have a
reasonable doubt that [appellant] committed an extraneous offense or bad act or
could be held criminally responsible for an extraneous crime or bad act, then
you may not consider such evidence in assessing punishment.  [Emphasis added.]

 

2.  Analysis








Clearly, this charge,
instructed the jury that, before it could consider an extraneous crime or bad
act for which appellant had already been found guilty or for which he could be
charged and found criminally responsible, it had to first find that appellant
committed the crime or bad act beyond a reasonable doubt. See id.
(noting punishment charge included appropriate extraneous offense
instruction).  Because we hold that the
trial court included the proper instruction on the State=s burden of proof as to extraneous offenses, we overrule appellant=s fifth point.

VII.  Conclusion

Having overruled appellant=s five points, we affirm the
trial court=s
judgment.  

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 15, 2005











[1]See Tex. R. App. P. 47.4.