Opinion issued November 1, 2007









Opinion issued November 1,
2007

 

 

 

 

     

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



No. 01-06-00522-CR




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



RUBEN VALENTINE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1066858

 



MEMORANDUM
OPINION

 

          Ruben Valentine appeals
from a third degree felony conviction for possession of a controlled substance,
crack cocaine, weighing more than one gram and less than four grams.  See Tex. Health & Safety Code Ann. § 481.115(a)
(Vernon 2003).  Valentine
contends his conviction should be reversed because (1) the evidence is legally
and factually insufficient to sustain the conviction, (2) the prosecutor
committed harmful error by commenting on his failure to testify, (3) he
received ineffective assistance of counsel, and (4) the jury charge improperly
varied from the indictment and failed to apply the law to the facts.  We
affirm.     

 Background

          In December 2005, as part
of an undercover drug bust, Ronald Burks, a confidential informant for the
Pasadena Police Department, purchased some crack cocaine from Michael Gross. 
Valentine was in the driver’s seat of the car where the transaction occurred. 
Gross made the exchange while sitting in the passenger seat, and Burks sat in
the back seat.  During the punishment phase of trial, Burks testified that
Valentine counted the money Burks used to pay for the drugs.  

          After the transaction,
Burks exited the car and the suspects drove away.  Burks signaled to Officers
Garivey and Anderson who were participating undercover in the drug bust. 
Officer Anderson positioned his vehicle behind the suspects’ car and radioed to
a waiting squad car to stop the suspects.  Garivey made the stop.  He
approached the car and, with his weapon out, commanded the suspects to exit the
vehicle.  Garivey saw Valentine “making some kind of movement to the center
between the two front seats.”  He testified that he then “yelled at my partner,
‘Watch his hand’ as he is reaching in between the two seats.”  This
observation, however, does not appear in the police report.  While approaching
the car to take the suspects into custody, Anderson noticed a plastic bag
appearing to contain crack cocaine sitting in plain sight on the console near
the gear shift.  Officer Anderson collected the substance.  Officers searched
the car, but found no additional contraband.

          The grand jury returned an
indictment charging Valentine with possession of cocaine with intent to
deliver.  The State later abandoned that charge and refiled the cause to charge
Valentine only with simple possession of more than one gram and less than four
grams of cocaine.[1]  Valentine pleaded not
guilty to this charge and was tried before a jury.  The jury found him guilty
as charged. Valentine pleaded not true to two punishment enhancement
paragraphs, which the jury found true.  Based on these findings, Valentine
received a sentence of 40 years’ imprisonment.  He timely appealed.  




Discussion

Legal and Factual Sufficiency

In his first issue, Valentine
contends that the evidence is legally and factually insufficient to support
conviction for possession of cocaine with intent to deliver.  As a preliminary
matter, we note that the State refiled the indictment a few weeks before trial
to abandon the intent to deliver element, and Valentine was convicted only of
simple possession, as charged in the refiled indictment.  Accordingly, we review
the record to determine whether the evidence is legally and factually
sufficient to support this conviction.  

          Standards of review

          When evaluating the legal
sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.   Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Powell
v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006).  This standard
applies to both direct and circumstantial evidence.  King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not weigh any evidence or
evaluate the credibility of any witnesses, as this was the function of the
trier of fact.  Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
Instead, we determine whether both the explicit and implicit findings of the
trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict and resolving any inconsistencies in the evidence
in favor of the verdict.  See Adelman v. State, 828 S.W.2d 418, 421
(Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim.
App. 1991). 

          “When conducting a factual
sufficiency review, we view all of the evidence in a neutral light.” 
Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).  We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we cannot conclude that a
conviction is “clearly wrong” or “manifestly unjust” simply because, on the
quantum of evidence admitted, we would have voted to acquit had we been on the
jury.  Watson v. State, 204 S.W.3d 405, 417 (Tex. Crim. App. 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in
the evidence justifies a new trial simply because we disagree with the jury’s
resolution of that conflict.  Id.  Before finding that evidence
is factually insufficient to support a verdict under the second prong, we must
be able to say, with some objective basis in the record, that the great weight
and preponderance of the evidence contradicts the jury’s verdict.  Id.  In conducting a factual sufficiency review, we also must discuss the
evidence that, according to the appellant, most undermines the jury’s verdict. 
See Roberts v. State, 221 S.W.3d 659, 665 (Tex. Crim. App. 2007).

          We may not re-weigh the
evidence and substitute our judgment for that of the fact-finder.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The fact-finder alone
determines what weight to place on contradictory testimonial evidence because
that determination depends on the fact-finder’s evaluation of credibility and
demeanor.  Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).  As the determiner of the credibility of the witnesses, the fact-finder
may choose to believe all, some, or none of the testimony presented.   Id. at 407. 

          Possession of a controlled
substance

          A defendant is guilty of
possession of a controlled substance if he intentionally or knowingly possesses
cocaine.  Tex. Health & Safety Code
Ann. § 481.115(a) (Vernon 2003).  The State must show that the accused
(1) exercised care, control, or management over the contraband, and (2) knew
that he possessed contraband.  Poindexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005); Edwards v. State, 178 S.W.3d 139, 143 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  If the accused does not have exclusive
possession of the place where the contraband is found, we may not conclude that
the accused had knowledge of and control over the contraband unless additional
independent facts and circumstances affirmatively link the accused to the
contraband.  Poindexter, 153 S.W.3d at 406; Edwards, 178 S.W.3d
at 143.  It is not enough to show the defendant was merely present in the
vicinity of the controlled substance.  Roberson v. State, 80 S.W.3d 730,
735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Factors that may
establish an affirmative link include whether:

·       
the contraband was in plain view; 

·       
the contraband was conveniently
accessible to the accused; 

·       
the accused was the owner of the
place where the contraband was found; 

·       
the accused was the driver of the
vehicle in which the contraband was found; 

·       
the contraband was found on the
same side of the car seat as the accused was sitting; 

·       
the place where the contraband was
found was enclosed; 

·       
the odor of [the contraband] was
present; 

·       
paraphernalia to use the
contraband was in view of or found on the accused; 

·       
conduct by the accused indicated a
consciousness of guilt;

·       
the accused has a special
connection to the contraband; 

·       
occupants of the automobile gave
conflicting statements about relevant matters; 

·       
the physical condition of the
accused indicated recent consumption of the contraband found in the car; and 

·       
affirmative statements connect the
accused to the contraband.  

Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d); see also Edwards, 178
S.W.3d at 143.  The number of affirmative links present is not as important as
the logical force that they collectively create.  Edwards, 178 S.W.3d at
144; Gilbert, 874 S.W2d at 298.  

          The record in this case
reflects that on the night of the incident, Valentine was in the car during the
illicit transaction between Gross and Burks.  Several officers identified
Valentine as the driver of the vehicle that they stopped on suspicion of drug
possession.  Garivey, the arresting officer, testified that as he approached
the vehicle, he saw Valentine “make some kind of movement towards the center
console.”  Officer Anderson found what he believed to be crack cocaine in plain
view near the gear shift.   Anderson also testified that while searching the
car he sat in the driver seat—the same location that Valentine was sitting—and
from that location, the center console was easily accessible to him.  These
facts collectively create sufficient logical force to support Valentine’s
conviction.  See Deshong v. State, 625 S.W.2d 327, 329 (Tex.
Crim. App. 1981) (affirming conviction for possession after concluding that
marijuana in open view on floorboard directly in front of driver’s seat was conveniently
accessible to defendant); Robinson v. State, 174 S.W.3d 320, 326 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d) (affirming possession conviction of defendant
who was passenger and had keys to truck containing cocaine in factory
compartment in back wall, which could be seen and accessed only by folding down
truck’s back seat); Hawkins v. State, 89 S.W.3d 674, 677 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (upholding conviction for possession
of firearm where gun was found in plain view in backseat of car driven by
defendant and was within easy reach of defendant); Coonradt v. State,
846 S.W.2d 874, 876 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d)
(affirming conviction for possession where defendant was driver of vehicle,
crack cocaine pipe was found lying in plain view between passenger and driver,
and duffel bag containing marijuana and cocaine was in car).  

          Valentine contends that
Garivey’s statement about seeing Valentine move toward the console was not
credible because that observation does not appear in Anderson’s police report. 
The jury, however, found to the contrary.  As sole determiner of Garivey’s
credibility, the jury was free to accept or reject his testimony, and we may
not disturb its finding.  See Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d).

            Valentine also asserts that Burks’s
testimony cannot support the conviction because it is inconsistent and
uncorroborated.  A defendant may not be convicted by an informant’s testimony unless it is
corroborated by other evidence tending to connect the defendant with the
offense committed.  Tex. Code Crim.
Proc. Ann. art. 38.141(a), (b) (Vernon 2005).  Specifically, Valentine
points to Burks’s uncorroborated punishment-phase testimony that, after Burks
handed over the money, Valentine counted it while Gross gave Burks the crack
cocaine.  The jury did not hear this testimony in the guilt-innocence phase, so
it has no bearing on the legal sufficiency of the conviction.  Valentine does
not challenge the lack of corroboration on any other matter.

          Viewing the evidence in the
light most favorable to the verdict, and applying the relevant factors, we hold
that a rational trier of fact could have found beyond a reasonable doubt that
Valentine was in possession of a controlled substance.  See Jackson, 443
 U.S. at 319, 99 S. Ct. at 2789; Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  Viewing the evidence in a neutral light, we further hold that the
evidence is not so weak that the verdict is clearly wrong and manifestly
unjust, nor is it against the great weight and preponderance of the evidence.  See
Watson, 204 S.W.3d at 417; Johnson, 23 S.W.3d at 11; Ladd, 3
S.W.3d at 557.  The evidence is therefore legally and factually sufficient to
support the jury’s finding that Valentine was in possession of a controlled
substance.

Propriety of the State’s Closing
Argument

          In his second issue,
Valentine contends that, during closing argument, the State improperly
commented on Valentine’s right to remain silent and failure to testify. 
Specifically, Valentine complains of the following portion of the State’s jury
argument:

The Defendant didn’t jump up and down and say, hey,
let me get out of this car.  He didn’t do that.  He didn’t say, oh, where did
that come from?  Let me get out of the car . . . [a]t no point did the
defendant Ruben Valentine say, nope, let me out. 

 

          Generally, to preserve jury
argument error, a party must make a contemporaneous objection and obtain an
adverse ruling.  Tex. R. App. P.
33.1.  When the defendant fails to object to a jury argument or pursue an
objection to a jury argument to an adverse ruling, he forfeits his right to
complain about the jury argument on appeal.  Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).

          Valentine concedes that
defense counsel failed to object to the State’s jury argument, but asserts
that, under Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984),
we must review the alleged error under the egregious-harm standard.  We disagree. 
The standard set out in Almanza applies to fundamental errors in
the jury charge, not unobjected-to statements in closing argument.  See id. 
By failing to make a timely objection to the State’s closing argument,
Valentine waived any alleged error.  See Tex. R. App.  P. 33.1; Archie v. State, 221 S.W.3d
695, 699 (Tex. Crim. App. 2007) (holding that, in objecting to prosecutorial
argument, defendant must pursue objection to adverse ruling or waive any error
that would have been curable by instruction; motion for mistrial alone is
sufficient to preserve claim of error incurable by instruction); Cockrell,
933 at 89 (Tex. Crim. App. 1996) (holding that defendant forfeits right to
complain about incurable prosecutorial argument by failing to timely object to
argument or pursue objection to adverse ruling); see also Threadgill v.
State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (citing Cockrell
and holding that defendant waived objection to prosecutor’s conduct in striking
at defendant over shoulders of his counsel during closing argument by failing
to object); Mathis v. State, 67 S.W.3d 918, 926–27 (Tex. Crim. App.
2002) (refusing to overrule Cockrell and holding that defendant waived
argument that prosecutor committed reversible error when he referred to
defendant in final argument as “despicable piece of human trash” because
defendant failed to object and request mistrial).




Ineffective Assistance of Counsel

In his
third issue, Valentine contends that his counsel rendered ineffective
assistance by failing to (1) move for an instructed verdict, and (2) object
during the State’s closing argument.  To show ineffective assistance of
counsel, a defendant must demonstrate both that his counsel’s performance fell
below an objective standard of reasonableness and that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Strickland v. Washington, 466 U.S
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State,
159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to
establish these two prongs by a preponderance of the evidence, and failure to
make either showing defeats his ineffective assistance claim.  Mitchell v.
State, 68 S.W. 3d 640, 642 (Tex. Crim. App. 2002).  

A
defendant cannot show that counsel’s conduct fell below an objective standard
of reasonableness without overcoming the presumption that, under the
circumstances, the challenged action “might be considered sound
trial strategy.”  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.  We will find counsel’s performance
deficient only if it is so outrageous that no competent attorney would have
engaged in it.  Andrews, 159 S.W.3d at 101.  We cannot speculate beyond
the record, so the record affirmatively must demonstrate the alleged
ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). 

To argue successfully that his trial
counsel’s failure to object to the State’s argument amounted to ineffective
assistance, Valentine must show that the trial court would have erred in
overruling such an objection.  See Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996).  In Vaughn, the Court of Criminal Appeals held
that:

A prosecutor’s statements constitute a comment on the
failure of a defendant to testify when the language used was manifestly
intended or was of such a character that the jury would necessarily and
naturally take it as a comment on the defendant’s failure to testify. Language
that can reasonably be construed to refer to a failure to present evidence
other than from the defendant’s own testimony does not amount to a comment on
the failure to testify.

 

Id.  Here, the prosecutor’s argument is
not reasonably construed as a comment on Valentine’s failure to testify, but
rather, as a comment on Valentine’s conduct indicating a consciousness of
guilt, a relevant factor in considering whether the acts and circumstances
surrounding the illegal drug transaction affirmatively linked Valentine to the
crack cocaine.  See Gilbert, 874 S.W.2d at 298.  

Further,
because the record does not affirmatively reveal anything to the contrary, we
must presume that defense counsel decided as a matter of sound trial strategy
to refrain from objecting to the State’s closing argument.  Henderson v.
State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). 
We hold that Valentine does not satisfy the first prong of Strickland,
and therefore reject his claim of ineffective assistance of counsel.

Jury Charge

          In his final issue,
Valentine maintains that the jury charge (1) fatally varied from the indictment
and (2) failed to correctly apply the law to the facts.  Valentine
misapprehends the crime for which he was tried.  Consistent with the trial
court’s instructions to the jury, the refiled indictment charged Valentine with
possession of a controlled substance.   The charge did not vary from the
indictment.

          Valentine’s second charge
error claim concerns the following instruction: 

Possession of a controlled substance need not be
exclusive and can be done by more than one person.  Mere presence or knowledge
alone at a place where a controlled substance is found does not constitute
possession by more than one person of a controlled substance.

 

When reviewing a trial court’s jury
instructions, we first determine whether the charge was erroneous.  Nguyen
v. State, 811 S.W.2d 165, 167 (Tex. App.—Houston [1st Dist.] 1991, pet.
ref’d).  Error occurs when the charge fails to directly apply the law to the
facts.  Harris v. State, 522 S.W.2d 199, 202 (Tex. Crim. App. 1975). 
Even if we determine that charge error exists, that determination, standing
alone, does not automatically require reversal of a conviction.  Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 2006); Almanza, 686 S.W.2d at 171.  The error must also result
in harm that requires reversal.  Almanza, 686 S.W.2d at 171.  

Moreover, because Valentine did not
object to the charge, we may reverse only if we conclude that any alleged error
is so egregious and created such harm that Valentine was denied a fair and
impartial trial.  See id.  To determine whether a defendant has
sustained egregious harm from an un-objected to instruction, we consider (1)
the entire charge; (2) the state of the evidence, including contested issues;
(3) arguments of counsel; and (4) any other relevant information.  Hutch v.
State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).    

Valentine maintains that this
instruction erroneous and caused him egregious harm because it went to his
entire defensive theory—that there was no joint possession and Valentine was
not a party to possession of drugs.  We disagree. The instruction is a
substantially correct statement of the law. Possession need not be exclusive,
and evidence that the accused jointly possessed narcotics with others is
sufficient to sustain a conviction.  Martin v. State, 753 S.W.2d
384, 387 (Tex. Crim. App. 1988).  The evidence in this case included facts and
circumstances that affirmatively link Valentine to the crack cocaine and,
accordingly, justified the charge on joint possession.  

Conclusion

          For these
reasons, we hold that: (1) the evidence is legally and factually sufficient to
sustain the conviction, (2) Valentine waived any error relating to the
prosecutor’s closing argument; (3) the record does not demonstrate that
Valentine received ineffective assistance of counsel, and (4) the challenged
jury instruction contained a substantially correct statement of the law
relating to joint possession and was warranted by the evidence.  We therefore
affirm the judgment of the trial court. 

                                                          

                                                                   Jane
Bland                                                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b).

 

 









[1] The district clerk assigned number 1066858 to the refiled cause, the
same cause number that underlies this appeal.