**Vincent L. EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–04–01013–CR, 01–04–01014–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 30, 2005.

On Appeal from the 262nd District Court, Harris County, Texas, Trial Court Cause Nos. 975031 & 975032.[1]

Jerald K. Graber, Houston, TX, for Appellant.

Lori Deangelo Fix, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury found appellant, Vincent L. Edwards, guilty of the second-degree felony offense of possession of phencyclidine in the amount of more than four grams and less than two-hundred grams, and the state jail felony offense of the unauthorized use of a motor vehicle. The jury assessed punishment at three years' confinement for the possession conviction and the trial court assessed punishment at eighteen months' confinement for the unauthorized use of a motor vehicle conviction.[2] The trial court orally pronounced

---

**1.** The first indictment, cause number 975031 at trial and 01–04–01013–CR on appeal, alleges that Edwards possessed more than four grams and less than two-hundred grams of phencyclidine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). The second indictment, cause number 975032 at trial

and 01–04–01014–CR on appeal, alleges that Edwards committed the state jail felony offense of the unauthorized use of a motor vehicle. *See* TEX. PEN.CODE ANN. § 31.07 (Vernon 2003).

**2.** Edwards elected the jury to assess his punishment on the possession conviction, and the

Edwards's punishment for the unauthorized use of the motor vehicle at sixteen months' confinement, but the written judgment and sentence reflect eighteen months' confinement. Edwards contends (1) the evidence is legally and factually insufficient to support his convictions, and (2) the trial court erred in sustaining one of the State's objections during trial. We modify the judgment to reflect the trial court's oral pronouncement and affirm as modified.

### Facts

During a routine patrol in January 2004, Houston Police Department Officers Dan Johnson and Tony Ruggeroli observed a truck entering an apartment complex at 12302 Fondren Road in Houston, Texas. The officers ran a license plate check on the truck, which revealed that the truck had been reported stolen a week earlier. Johnson and Ruggeroli observed the driver park the truck in the apartment parking lot. The officers drove down an adjacent street, and Johnson entered a neighboring home's backyard to view the apartment parking lot.

Peering through the backyard fence, Johnson observed Edwards's girlfriend, Dominique Goudeau, sitting in the passenger seat of the truck. Johnson testified that Edwards walked to the truck and handed a brown bottle with a red cap to Goudeau, who then placed the bottle in a purse she was wearing around her neck. The officers subsequently pulled over the truck and detained Goudeau and Edwards. A search of Goudeau's purse revealed a brown bottle with a red cap. The bottle contained eighteen grams of phencyclidine.

At trial, Edwards testified that he was unaware of any drugs inside the truck.

Also, Edwards and Goudeau testified that Edwards did not bring the bottle to the truck and that the purse in which the officers discovered the bottle did not belong to Goudeau. Goudeau further testified that the purse was in the truck's backseat, not around her neck.

The owner of the truck, Fredericka Small, testified that she gave her husband, Maurice Small, permission to use her truck, and no one else. Although she did not authorize anyone else to drive her truck, she admitted that Maurice frequently drove it. After police arrested him for an unrelated theft, Maurice left the truck in a motel parking lot on Reed Road. At the time of his arrest, Maurice entrusted the truck's keys to a friend, C.J., and told him to watch over the vehicle until Fredericka could come and retrieve it. Maurice denied permitting C.J. to drive the truck. Fredericka and Maurice also testified that they did not permit Edwards to drive the truck, because neither had ever seen or met Edwards.

Edwards testified that he borrowed the truck from a man named Chris. Edwards further testified that a man had loaned the truck to Chris in exchange for drugs. Both Edwards and Godeau testified that they had ridden in the truck with Chris several times during the two weeks prior to their arrests. Chris did not testify at trial.

### Sufficiency of the Evidence

*Standard of Review*

In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have

trial court to assess his punishment on the unauthorized use of a motor vehicle conviction.

found the essential elements of the crime beyond a reasonable doubt. *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex.Crim.App. 2004), *cert. denied*, ⸺ U.S. ⸺, 125 S.Ct. 1697, 161 L.Ed.2d 528 (2005). In a factual sufficiency review, we view all of the evidence in a neutral light, and set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Id.* In a factual sufficiency review, we may not substitute our own judgment for that of the fact finder. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App. 1996). In conducting a factual sufficiency review, we discuss the evidence that Edwards contends most undermines the jury's verdict. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App.2003). Unless the available record clearly reveals that a different result is appropriate, we defer to the jury's determination concerning the weight to place upon conflicting testimony, because resolution of facts often turns on an evaluation of the credibility and demeanor of the witnesses. *See Johnson v. State*, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000).

*Possession of a Controlled Substance*

█ Edwards contends that the evidence is legally and factually insufficient to support his conviction for the possession of phencyclidine. Specifically, he contends that he was unaware of any drugs inside the truck, he did not bring the bottle to the truck, and the purse in which the officers discovered the bottle did not belong to him or to Goudeau.

A person is guilty of second-degree felony possession if he knowingly or intentionally possesses a controlled substance, in an amount greater than four grams and less than two-hundred grams. TEX. HEALTH &

SAFETY CODE ANN. § 481.115(d) (Vernon 2003). Phencyclidine is a controlled substance as defined by the statute. TEX. HEALTH & SAFETY CODE ANN. § 481.102(8).

█ In order to establish the offense, the State must prove that (1) the accused exercised care, custody, control, or management over the contraband, and (2) the accused knew that what he possessed was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995); *Cedano v. State*, 24 S.W.3d 406, 411 (Tex.App.-Houston [1st Dist.] 2000, no pet.). If the accused does not have exclusive control of the place where police recover the contraband, then the State must show additional affirmative links between the accused and the contraband. *Cedano*, 24 S.W.3d at 411; *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Possible factors showing affirmative links include whether:

(1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) the place where the contraband was found was enclosed; (7) the odor of marijuana was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused has a special connection to the contraband; (11) occupants of the automobile gave conflicting statements about relevant matters; (12) the physical condition of the accused indicated recent consumption of the contraband found in the car; and (13) affirmative statements connect the accused to the contraband.

*Gilbert*, 874 S.W.2d at 298. The probative value is not in the number of factors met, but in the "logical force" of the totality of the factors. *Id.* A court should not focus on the *absence* of affirmative links, as had been done before the decision in *Geesa v. State*, but rather should consider the logical force of links that are present. *See Hurtado v. State*, 881 S.W.2d 738, 744 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (emphasis in original) (discussing *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim. App.1991)).

To determine if the evidence is legally sufficient, a court asks whether enough evidence exists for a rational jury to find beyond a reasonable doubt that the accused had knowledge of the presence of the contraband. *Roberson v. State*, 80 S.W.3d 730, 735–36 (Tex.App.-Houston [1st Dist.] 2002 pet. ref'd). Here, several factors affirmatively link Edwards to the contraband. First, the officers found the contraband inside the truck driven by Edwards. Second, Johnson testified that he observed Edwards carry the brown bottle, later found to contain phencyclidine, to the truck. Third, Johnson further testified that Edwards exhibited bloodshot eyes and slurred speech, which indicate intoxication.

We recognize that Edwards testified that he was unaware of the phencyclidine inside the truck, and that he denied bringing the bottle to the truck. Edwards further relies on his and Goudeau's testimony that the purse in which the officers discovered the bottle did not belong to Godeau, and that purse was in the truck's backseat. As fact finders, however, the jury was free to discount any of the witnesses' credibility and testimony. *McKinny v. State*, 76 S.W.3d 463, 468–69 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

Viewing this evidence in a light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Edwards knowingly and intentionally possessed phencyclidine. Viewing all of the evidence neutrally, the evidence is not so weak as to undermine the jury's findings and is not so greatly outweighed by contrary proof as to imply that a serious injustice was permitted. We therefore hold that the evidence is legally and factually sufficient to support Edwards's conviction for the unlawful possession of phencyclidine.

*Unauthorized Use of a Motor Vehicle*

■ Edwards contends the evidence is legally and factually insufficient to support his conviction for the unauthorized use of a motor vehicle because the State failed to prove that he knowingly operated the truck without the owner's consent. He further contends the he could not have known that Fredericka had reported the truck stolen and that Chris was not in "full legal possession of the truck."

■ A person commits an unauthorized use of a vehicle if he "intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PEN.CODE ANN. § 31.07(a) (Vernon 2003). Effective consent includes "consent by a person legally authorized to act for the owner." TEX. PEN.CODE ANN. § 31.01(3). Unauthorized use of a vehicle is a "circumstances crime"—operating a vehicle is unlawful only if the accused is aware of the attendant circumstance—that the operation of the vehicle is without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 262–63 (Tex.Crim.App.1989). Without requiring a culpable mental state of knowingly, unauthorized use of a motor vehicle would become a strict liability crime. *Id.; see also McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App.1989) (holding that defendant must know that his use of motor

vehicle was without effective consent of owner).

In *McQueen*, the Court of Criminal Appeals held that testimony that the car owner did not give anyone consent to operate his vehicle was sufficient to support a finding that the defendant knew he did not have consent to operate the vehicle. *Id.* at 604–05. Without noting *McQueen*, this court, in a case decided three years later, held that testimony that the car owner did not give anyone consent to use the vehicle, alone, without any indicia that the defendant was aware that the owner had not consented, was legally insufficient evidence of intent. *See Herbert v. State*, 827 S.W.2d 507, 508–09 (Tex.App.-Houston [1st Dist.] 1992, no pet.).

Unlike *Herbert*, the evidence in this case demonstrates some awareness by Edwards that he knew he did not have the consent of the owner. Fredericka testified that she gave permission to use her truck to her husband only. Her husband, Maurice, testified that he gave a man named C.J. the keys to his truck and asked him to "watch" it until Fredericka could retrieve it from the motel parking lot. Maurice further testified that he prohibited C.J. from permitting anyone else to drive the truck. Fredericka never loaned the truck to Chris, nor to Edwards.

Edwards testified that a man named Chris loaned him the truck. When questioned as to how Chris obtained the truck, Edwards testified that Maurice had "loaned" Chris the truck in exchange for drugs. Thus, Edwards's own testimony indicates an awareness that Chris did not own the truck. Though Edwards earlier had testified that he believed Chris owned the truck, the jury was free to discredit this portion of his testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). Here, no witness testified that Chris ever was authorized to lend the truck to another, and Edwards admitted that he knew that Chris was not the truck's owner. Although we consider all of the evidence presented at trial, the trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Id.* We conclude that the evidence legally and factually supports the State's contention that Edwards knowingly operated the truck without the consent of the owner, and thus hold that the evidence is legally and factually sufficient to support Edwards's conviction for the unauthorized use of a motor vehicle.

## Evidentiary Objections

Edwards contends the trial court erred in sustaining the State's objections to testimony he offered to establish that Maurice, the man who loaned Chris the truck, was an addict who traded his car to Chris in exchange for drugs. In his briefing to this court, Edwards contends that "the testimony about Mr. Small's [Maurice's] crack addiction was vitally important to the defense because it was the crucial fact that made all the other things fall into place." The State responds that (1) Edwards failed to preserve his issue for appeal, and (2) the trial court did not abuse its discretion in sustaining the State's objection.

*Standard of Review*

We review the trial court's admission or exclusion of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim. App.2000) (citing *Prystash v. State*, 3 S.W.3d 522, 527 (Tex.Crim.App.1999)); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). A trial court has wide discretion in its decision to admit or exclude evidence. *Guzman*, 955 S.W.2d at 89; *Pierre v. State*, 2 S.W.3d 439, 442 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (citing *Theus v. State*, 845 S.W.2d

874, 881 (Tex.Crim.App.1992)). A trial court's evidentiary ruling should not be disturbed on appeal unless it is an abuse of discretion. *Powell v. State,* 63 S.W.3d 435, 438 (Tex.Crim.App.2001); *see also Erdman v. State,* 861 S.W.2d 890, 893 (Tex. Crim.App.1993). If the trial court's ruling is within the reasonable zone of disagreement, then an appellate court should not disturb it. *Powell,* 63 S.W.3d at 438 (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990)); *see also Pierre,* 2 S.W.3d at 442.

During Edwards's trial testimony, the following exchange occurred:

[Trial Counsel]: Do you know how Chris got the truck?

[Edwards]: Yes.

[Trial Counsel]: How did he get it?

[Edwards]: The man lend [sic] him the truck for some drugs.

[Trial Counsel]: The gentleman that came in here?

[Edwards]: Yes.

[Trial Counsel]: He was on crack?

[Edwards]: Yes, sir.

[State]: Objection, relevance; facts not in evidence.

[The Court]: Sustained. Disregard the last comment by the witness and do not consider it for any purpose.

We note that Texas Rule of Evidence 103(a)(2) requires an offer of proof of the proposed evidence to the trial court, unless the substance is apparent from the context, if the ruling of the trial court excludes the evidence. *Guidry v. State,* 9 S.W.3d 133, 153 (Tex.Crim.App. 1999); *Howard v. State,* 962 S.W.2d 119, 122 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). An offer of proof must show that the excluded evidence is relevant and admissible. *See Warner v. State,* 969 S.W.2d 1, 2 (Tex.Crim.App.1998) (per curiam). Here, Edwards answered trial counsel's question regarding Maurice's alleged drug use on the record, and therefore counsel preserved the issue for appeal.

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX.R. EVID. 401. Generally, all relevant evidence is admissible, and the evidence that is not relevant is inadmissible. TEX.R. EVID. 402. "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Stewart v. State,* 129 S.W.3d 93, 96 (Tex.Crim.App.2004).

Although Edwards contends the State made an improper relevancy objection, he fails to offer support for his contention. Edwards's trial counsel did not take him on voir dire in order to more fully develop the record, nor did he offer to demonstrate how the purported evidence that the man who loaned the truck to Chris was "on crack" is relevant to his own defense. We cannot conclude that the trial court's decision to exclude Edwards's testimony was arbitrary or unreasonable. We therefore hold that the trial court did not err in sustaining the State's objection.

### Judgment Correction

The State requests that we reform the written judgment and sentence to comport with the trial court's oral assessment of punishment. The written judgment indicates that the trial court sentenced Edwards to eighteen months' confinement for the unauthorized use of a motor vehicle. During the punishment phase of trial, however, the trial court orally assessed punishment at sixteen months' confinement. A

sentence must be orally pronounced in the defendant's presence. TEX.CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (Vernon 2003); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim.App.2004). The sentence and judgment merely memorialize the oral pronouncement. TEX.CODE CRIM. PROC. ANN. art. 42.01 § 1; *Taylor*, 131 S.W.3d at 500. If the written sentence and judgment conflict with the oral pronouncement, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App.1998). Here, the reporter's record shows that the trial judge orally pronounced Edwards's sentence for the unauthorized use of a motor vehicle to be sixteen months' confinement. The judgment incorrectly provides that Edwards is sentenced to eighteen months' confinement. We therefore modify the judgment to reflect the trial court's oral pronouncement of sixteen months' confinement in the Texas Department of Criminal Justice, State Jail Division, for the unauthorized use of a motor vehicle offense.

## Conclusion

We hold that (1) the evidence is legally and factually sufficient to support Edwards's conviction for the possession of phencyclidine; (2) the evidence is legally and factually sufficient to support Edwards's conviction for the unauthorized use of a motor vehicle; and (3) the trial court did not abuse its discretion in sustaining the State's evidentiary objection. We therefore affirm the judgment of the trial court as modified.