Opinion issued September 21, 2006








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00946-CR




ALONSO JORES FERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1225419




MEMORANDUM OPINION

          A jury found appellant, Alonso Jores Fernandez, guilty of driving while
intoxicated (DWI), and, pursuant to an agreed recommendation, the trial court
sentenced him to 180 days in jail, suspended for one year of community supervision,
and an $850 fine. In two points of error, appellant contends that the trial court erred
(1) in admitting evidence of the horizontal gaze nystagmus (HGN) test and (2) in
refusing to permit cross-examination of the arresting officer concerning possible bias
against homosexuals. We affirm.
          Background
          At 2:30 a.m., Officer Allen of the Houston Police Department was monitoring
the intersection of Grant and Hyde Park in the Montrose area when he saw appellant
run the stop sign. He pulled over the car and, while talking with appellant, he noticed
a “strong odor of alcoholic beverage on his breath. He had a very thick, mumbly,
slurred speech and red, bloodshot eyes.” When appellant told Officer Allen that he
had two vodka and tonics, Officer Allen asked appellant to get out of the car so that
he could conduct some field sobriety tests on him. 
          Officer Allen, who is certified to conduct the tests, testified that he performed
the three standard field sobriety tests—the HGN test, the one-leg stand test, and the
walk-and-turn test—to determine whether appellant was intoxicated. While
performing the HGN test, the officer is looking for three clues in each eye: (1) lack
of smooth pursuit, (2) distinct nystagmus at maximum deviation, and (3) onset prior
to 45 degrees. The maximum score for failing an HGN test is “six clues,” but Officer
Allen testified that, even with only four clues, a suspect is intoxicated. Appellant
exhibited all six clues on the night in question. Officer Allen testified that, if a person
is nervous or afraid, it will not affect the HGN test.
          Appellant had a hard time following Officer Allen’s instructions during the
HGN test, and the test took a lot longer than it normally takes to administer. Officer
Allen testified that this did not, however, affect the reliability of the test. Appellant
also failed the one-leg-stand test by dropping his foot several times and using his
arms for balance. Officer Allen asked appellant to recite the alphabet starting with
“g” and ending with “x.” Appellant was unable to do so, started over several times,
and finally said that he could not do it.
Improperly Admitted/Excluded Evidence
          In point of error one, appellant argues that, in violation of Texas Rule of
Evidence 702, the trial court erred in admitting evidence of the HGN test because the
evidence did not establish that the test was properly applied. In point of error two,
appellant asserts that, in violation of the Sixth and Fourteenth Amendments of the
United States Constitution, the trial court erred in refusing to permit cross-examination of the arresting officer concerning possible bias against homosexuals.
Standard of Review
          On appeal, a trial court’s admission or exclusion of evidence is subject to an
abuse of discretion standard. Sells v. State, 121 S.W.3d 748, 766 (Tex. Crim. App.
2003); Edwards v. State, 178 S.W.3d 139, 145 (Tex. App.—Houston [1st Dist.] 2005,
no pet.). If the trial court’s decision was within the bounds of reasonable
disagreement we will not disturb its ruling. Sells, 121 S.W.3d at 748; Edwards, 178
S.W.3d at 146. 
HGN Test
          In point of error one, appellant argues that, in violation of Texas Rule of
Evidence 702, the trial court erred in admitting evidence of the HGN test because the
evidence did not establish that the test was properly applied.
          Rule 702 states, “If scientific, technical, or other specialized knowledge will
assist the trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.” Tex. R. Evid. 702. 
Testimony concerning the HGN test is considered novel scientific evidence and is
governed by Texas Rule of Evidence 702. Emerson v. State, 880 S.W.2d 759, 763
(Tex. Crim. App. 1994). To be considered reliable, evidence based on a scientific
theory must satisfy the following three criteria: (1) the underlying scientific theory
must be valid; (2) the technique applying the theory must be valid; and (3) the
technique must have been applied properly on the occasion in question. Kelly v.
State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992); Emerson, 880 S.W.2d at 763. 
          Appellant challenges prong three, contending that Officer Allen did not
properly administer the HGN test and alleging that the officer admitted, during the
motion to suppress hearing, that he performed the test in a non-standardized manner
by stopping and starting each portion of the test multiple times and by significantly
extending the duration of the test. Specifically, appellant relies on a portion of 
testimony by Officer Allen during the pretrial evidentiary hearing.
Q: (Defense Counsel) You have to keep stopping and starting over?
 
A: (Officer Allen) Correct.
 
Q:That’s not how you are supposed to administer the test. That’s
not how you’re supposed to do it?
 
A:Absolutely no.
           
          Appellant cites McRae v State, alleging that, where the undisputed testimony
established that the arresting officer did not administer the HGN technique properly,
the third requirement of Kelly was not met. 152 S.W.3d 739, 743 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d.). McRae is, however, distinguishable on
its facts. In McRae, although the officer testified at trial that he administered all three
parts of the HGN test to the appellant, he admitted at appellant’s Administrative
License Revocation hearing that he conducted only two of the three required parts of
the HGN test. Id. at 743. He admitted to making only one pass of each eye, rather
than the two required. Id. at 744 n.2. The officer also admitted to making several
other misstatements concerning the HGN test. Id. at 743. Further, when asked
whether there was a valid HGN test performed on the appellant, he replied that there
was none. Id. at 744.  
          In contrast, here, Officer Allen testified that the test was done with the
appellant in the same manner it is done with all suspects, but that it had to be done in
“bits and pieces” because appellant would not follow his directions. Officer Allen
stated that appellant kept “looking at the pen, looking at me, looking at his hand,
looking at me; so I kept having to do it over and over before I finally got a good test.” 
Officer Allen, who has been certified to administer the HGN test for six years,
testified that he followed the standardized procedures as he was trained on the night
in question and performed a “valid” test. When asked if the test is meant to be
administered by constant stopping and starting, Officer Allen responded, “absolutely
no,” but explained that would not affect the test’s reliability.
          Appellant asserts that the prolonged test could have caused fatigue nystagmus,
which would have rendered the test unreliable. Officer Allen explained that the
fatigue occurs when “you actually move the eye and you hold it out there to where
you actually fatigue the muscles out.” He further explained that the prolonged test
that he administered when appellant refused to follow his instructions would not have
caused fatigue nystagmus. 
          This Court acknowledged in McRae that slight variations in the administration
of the HGN test do not render the evidence inadmissible or unreliable, but may affect
the weight given the testimony. Id. at 743. We hold the trial court here acted within
its discretion in admitting evidence of the HGN test.
          We overrule point of error one.
Testimony Regarding Homosexual Bias
          In point of error two, appellant asserts that the trial court erred in refusing to
permit cross-examination of the arresting officer concerning possible bias against
homosexuals, in violation of the Sixth and Fourteenth Amendments of the United
States Constitution. 
          Outside the presence of the jury, appellant questioned Officer Allen about his
bias against homosexuals. Officer Allen testified that he called appellant “Hotrod”
because “he started the test too soon.” He testified that, although appellant was
arrested in a predominantly gay area, there was nothing about appellant’s car that led
him to believe that appellant was gay, and he never asked appellant if he was gay. 
Furthermore, he made several arrests that night, some of which were of heterosexuals. 
Appellant contended that “the tenor of the roadside investigation and just the way the
whole thing went about had something to do with this officer’s bias toward this
person. Relevancy—whether the Court believes it or doesn’t believe it, if it goes to
my theory of the case, I should be able to present the evidence.” The trial court never
actually made a ruling on appellant’s bill. It simply asked, “anything else?” and the
jury was brought back into the courtroom. 
          Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party state
the grounds for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). 
Appellant’s point of error on appeal must comport with his objection at trial. 
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that appellant
failed to preserve any error regarding victim-impact evidence’s admission because
his objection at trial did not comport with complaint raised on appeal). A party’s
failure to timely and specifically object at the trial court level, thereby preserving the
objection, waives his right to complain regarding that objection on appeal. Tex. R.
App. P. 33.1. 
          Appellant’s stated basis for admissibility on appeal fails to comport with the
stated basis at trial. Therefore, we hold that, because appellant failed to preserve the
issue at trial, the issue is waived.
          We overrule point of error two.
Conclusion
          We affirm the trial court’s judgment.
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.