Opinion issued September 28, 2006














Opinion issued September 28, 2006

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00647-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NAZARIO CHAVEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 278th District Court

Walker County,
Texas

Trial Court Cause No. 22195

 








 



MEMORANDUM OPINION

 

          A jury found appellant, Nazario Chavez, guilty of the
third-degree felony offense of possession of methylenedioxymethamphetamine,
commonly known as ecstasy, in the amount of more than one gram and less than
four grams.[1]
 The trial court assessed punishment at
five years’ confinement, suspended for five years’ community supervision, and
fined him $3,500.  In one issue, Chavez
contends the evidence is legally insufficient to support his conviction for possession
of a controlled substance.  We conclude
that the evidence is legally sufficient and therefore affirm.

Background 

          In
July 2003, while patrolling Interstate 45 in Walker County,
Trooper Jeff Fisher pulled over a pickup truck without a license plate light.  Fisher approached the truck and noticed four
occupants: two adult males in the front seat and two minor females in the back.
 Fisher identified the driver as Steve
Robledo and the front passenger as Chavez. 

Fisher recognized a package of zigzag
rolling papers and a vitamin bottle in the vehicle’s front cup holder between
Robledo and Chavez, and asked if there was any marihuana in the truck.  Robledo indicated that the vitamin bottle
contained marihuana and handed it to Fisher.  Fisher testified that, as Robledo reached for
the bottle, Chavez shook his head in the negative at Robledo.  Fisher opened the bottle and discovered a bag
of marihuana, a small amount of cocaine, and a smaller bag containing pills.  Testing later confirmed that the pills were
ecstasy, weighing 2.32 grams.  Fisher
directed Robledo to exit the vehicle and then arrested him.  Fisher testified that, after his arrest,
Robledo admitted ownership of the marihuana. 
Fisher returned to the vehicle and questioned Chavez, who also indicated
that the marihuana belonged to Robledo, but conceded that the pills belonged to
him.  Fisher then arrested Chavez.  Neither Robledo nor Chavez admitted ownership
of the cocaine.  

Analysis

Standard of Review

In a legal sufficiency review, we view all of the
evidence in a light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App.
2004).  Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence or
substitute our judgment for that of the fact-finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

Possession of a Controlled Substance

On appeal, Chavez contends the evidence is legally
insufficient to support his conviction for possession of ecstasy because the
State failed to establish an affirmative link between Chavez and the
ecstasy.  Specifically, Chavez maintains
that Fisher’s testimony fails to establish such a link, but rather the State’s
evidence more closely connects Robledo to the ecstasy than Chavez.

          A
person commits third-degree felony possession if he knowingly or intentionally
possesses a controlled substance in an amount greater than one gram and less than
four grams.  Tex. Health & Safety Code Ann. § 481.116(c) (Vernon
2003).  In order to establish the offense
of unlawful possession of a controlled substance, the State must show that the
accused (1) exercised care, custody, control, or management over the contraband
and (2) knew that he possessed contraband. 
Poindexter v. State, 153 S.W.3d 402, 405, 412 (Tex. Crim. App. 2005); Edwards v. State, 178
S.W.3d 139, 143 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  If the accused did not exclusively possess the
place where the contraband was found, we may not conclude that the accused had
knowledge of and control over the contraband unless additional independent
facts and circumstances affirmatively link the accused to the contraband.  Poindexter, 153 S.W.3d at 406; Edwards,
178 S.W.3d at 143.  Factors that may
establish an affirmative link include whether

(1) the contraband was in plain view; (2) the
contraband was conveniently accessible to the accused; (3) the accused was the
owner of the place where the contraband was found; (4) the accused was the
driver of the automobile in which the contraband was found; (5) the contraband
was found on the same side of the car seat as the accused was sitting; (6) the
place where the contraband was found was enclosed; (7) the odor of [the
contraband] was present; (8) paraphernalia to use the contraband was in view of
or found on the accused; (9) conduct by the accused indicated a consciousness
of guilt; (10) the accused has a special connection to the contraband; (11)
occupants of the automobile gave conflicting statements about relevant matters;
(12) the physical condition of the accused indicated recent consumption of the contraband
found in the car; and (13) affirmative statements connecting the accused to the
contraband.   

 

Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d); see also Edwards, 178 S.W.3d
at 143.  The number of affirmative links
present is not as important as the logical force that they collectively create.  Edwards, 178 S.W.3d at 144; Gilbert,
874 S.W.2d at 298.  We need not consider
affirmative link factors that are absent from the evidence.  Hurtado v. State, 881 S.W.2d 738, 745
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).

          Here,
the applicable factors establish a basis for a rational jury to determine
beyond a reasonable doubt that Chavez possessed the ecstasy.  Fisher testified that Chavez made an
affirmative statement in which he confessed to ownership of the
contraband.  Chavez testified that he
made no admission of guilt to Fisher.  On
appeal, Chavez contends the evidence provided by the State lacks legal
sufficiency because the testimony given by Fisher and Chavez conflicts, and the
Department of Public Safety destroyed the only evidence affirmatively linking
Chavez to the ecstasy when it recycled a videotape of the traffic stop and
arrest.  In an appeal of legal
sufficiency, however, we consider the evidence favorable to the verdict, even
if it is disputed.  Escamilla, 143
S.W.3d at 817.  The failure to preserve
the videotape and Chavez’s denial are some countervailing evidence, but in a
legal sufficiency review, we defer to the jury’s determination of the credibility
of the witnesses, as the jury may accept or reject all or part of a witness’s
testimony.  Poindexter, 153 S.W.3d
at 406.  Fisher’s testimony provided a
rational jury with sufficient evidence to conclude that Chavez knew of his
possession.  See Reed v. State,
158 S.W.3d 44, 47–48 (Tex. App.—Houston
[14th Dist.] 2005, pet. ref’d) (holding that testimony of appellant’s admission
at time of arrest was strongest affirmative link to cocaine).

In addition to Chavez’s admission,
the ecstasy’s location in the cup holder made it conveniently accessible to
Chavez.  “Conveniently accessible” means
that the contraband must be within close vicinity of the accused and easily
accessible while in the vehicle so as to suggest that the accused had knowledge
of the contraband and exercised control over it.  Robinson v. State, 174 S.W.3d 320, 326
(Tex. App.—Houston [1st Dist.] 2005,
pet. ref’d).  Chavez contends the State’s
evidence establishes the strongest affirmative link to Robledo and not
Chavez.  The fact that Robledo also had
access to the ecstasy, however, does not necessarily associate the strongest or
only affirmative link with him.  See
Brazier v. State, 748 S.W.2d 505, 508 (Tex. App.—Houston [1st Dist.] 1988,
pet. ref’d) (holding that affirmative link existed between front passenger and
contraband found inside armrest situated between driver and passenger).  Even if an affirmative link also exists
between Robledo and the contraband, the law does not require the State to prove
Chavez’s exclusive possession for a conviction. 
Cedano v. State, 24 S.W.3d 406, 411 (Tex.
App.—Houston [1st Dist.] 2000, no
pet.).  

 
Finally, Chavez’s conduct during the traffic stop strengthens his
association with the ecstasy.  When
Robledo reached for the contraband to give it to Fisher, Chavez shook his head
in the negative at Robledo.  The jury
reasonably could have inferred that this behavior demonstrated Chavez knew the
vitamin bottle contained contraband.  See
Hurtado, 881 S.W.2d at 743 (holding that “appellant’s nervousness and
unusual conduct in the manner of his frequent glances toward the particular
place where the contraband was found” constituted affirmative link); see
also Reed, 158 S.W.3d at 48 (explaining that appellant and partner
established affirmative link by “put[ting] their heads down to the ground as if
they were caught”). 

 

Conclusion

Viewing the evidence in a light most
favorable to the verdict, a rational jury could have found beyond a reasonable
doubt that Chavez knowingly possessed the ecstasy.  We therefore hold that legally sufficient
evidence supports the conviction and affirm the judgment of the trial court.

 

          

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]
See Tex. Health & Safety Code Ann. § 481.116(c) (Vernon 2003).