Opinion filed January 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00155-CR 

                                                     __________

 

                        CEROMIE
LAEDWARD COLEMAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court 

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR31345

 



 

                                                                   O
P I N I O N

Ceromie
Laedward Coleman appeals from a guilty verdict for unauthorized use of a motor
vehicle.  Appellant was indicted for knowingly and intentionally operating a
2001 Ford pickup without the effective consent of the owner, Araseli Barrera. 
Appellant pleaded not guilty and proceeded to a jury trial.  The jury found him
guilty, and the trial court sentenced him to three years in the Institutional
Division of the Texas Department of Criminal Justice.  We affirm. 

Issue
on Appeal

Appellant
raises one issue on appeal.  He asserts that the evidence is factually
insufficient to support a conviction for unauthorized use of a motor vehicle. 








Standard
of Review 

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

Discussion

A
person commits the offense of unauthorized use of a motor vehicle if he
intentionally or knowingly operates another=s
boat, plane, or motor‑propelled vehicle without the effective consent of
the owner.  Tex. Penal Code Ann. ' 31.07(a) (Vernon 2003). 
An owner is a person who has title to the property, possession of the property,
whether lawful or not, or a greater right to possession of the property than
the actor.  Tex. Penal Code Ann. ' 1.07(a)(35)(A) (Vernon
Supp. 2007).  Effective consent is consent by a person legally authorized to
act for the owner.  Tex. Penal Code Ann.
' 31.01(3) (Vernon
Supp. 2007).  The accused must be aware that the operation of the vehicle is
without the owner=s
consent.  Gardner v. State, 780 S.W.2d 259, 262‑63 (Tex. Crim. App.
1989); Edwards v. State, 178 S.W.3d 139, 145 (Tex. App.CHouston [1st Dist.] 2005,
no pet.).

Appellant
testified that he worked as a salesman at All American Dodge.  He testified
that he knew Barrera when he worked with her at Green Tree Country Club.  On
October 6, 2005, Barrera came to All American Dodge in order to trade in her
Ford Mustang and 2001 Ford pickup for a new vehicle.  However, Barrera was
unable to make a deal with All American Dodge.  Appellant testified that,
because he and his wife were sharing a vehicle at that time, he was interested
in purchasing Barrera=s
Ford pickup.  He further testified that he reached an agreement with Barrera
that he would keep the vehicle until 4:00 p.m. the next day, October 7, 2005,
to attempt to obtain financing to buy it.








Appellant
testified that later that night he found out his son had car trouble when he
was returning to Midland from Dallas.  Appellant testified that he spent the
night waiting for his son to return.  He testified that his son got home around
5:00 a.m. on October 7 and that he worked on his son=s car all of the next day.  Appellant
testified that he did not use the vehicle in accordance with the agreement with
Barrera.  He did not show it to anyone who would be able to help him with
financing, he only used the vehicle for personal business.  Appellant further
testified that he did not make any attempt to contact Barrera regarding her
vehicle until after 8:00 p.m. just before he was arrested.  This was over four
hours after he agreed to contact her regarding whether or not he would be able
to purchase the vehicle. 

Barrera
testified that she met with appellant on October 6, 2005, at All American Dodge
to discuss trading in her Ford Mustang and Ford pickup.  She was unable to make
a deal with All American Dodge.  She testified appellant told her that he knew
someone who would lend him the money to purchase the Ford pickup.  Barrera
testified that, based on that information, she left the vehicle with appellant
in order for him to attempt to obtain financing.  She testified that appellant
agreed that he would contact her at the Green Tree Country Club before 10:00
the next morning and that she would pick up the vehicle at All American Dodge
after she got off work.  Barrera testified that she gave appellant authority to
take the vehicle to show it to the person who might loan him money but that she
did not give him authority to conduct personal business in the vehicle.  She
testified that the next day she was unable to contact appellant and that
appellant never contacted her.  Barrera testified that after she got off work
she went to All American Dodge but that appellant was not there with her
vehicle.  She was told that appellant had not shown up to work that day. 
Barrera testified that, after she was unable to locate appellant and her
vehicle at All American Dodge, she went to appellant=s home around 6:00 p.m.  She testified that
appellant was not home but that appellant=s
wife drove her around Midland in an attempt to find him.  When they were unable
to locate him, appellant=s
wife drove Barrera to the police station to report the vehicle stolen.  Barrera
testified that later that night the police called her and told her that they
found her vehicle.             Officer Juan M. Garza testified that on October
7, 2005, around 8:30 p.m. he observed a black pickup fitting the description of
a vehicle reported stolen.  He pulled in behind the vehicle that had been
stopped at a house.  Officer Garza testified that appellant got out of the
vehicle and began walking toward the house.  Officer Garza testified that he
took appellant into custody.  Officer Garza also testified that, after reading
appellant his rights, appellant told him that he had borrowed Barrera=s vehicle and that he was
supposed to return it that day but that he had failed to do so.








In
this case, there is evidence that appellant knew he was using Barrera=s vehicle outside of the
parameters of her consent.  While appellant testified that he was attempting to
contact Barrera when he was arrested, this was over four hours after the time
he told her he would contact her.  Further, the jury was free to discredit
appellant=s
testimony.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  The
jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given their testimony, and it is also the exclusive province of
the jury to reconcile conflicts in the evidence.   Wesbrook, 29 S.W.3d
at 111.  Considering all the evidence presented at trial, we cannot say that
the verdict is clearly wrong or manifestly unjust.  Appellant=s issue on appeal is
overruled.

Conclusion

We
affirm the trial court=s
judgment. 

 

 

RICK STRANGE

JUSTICE

 

January 10, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.