**Opinion filed February 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00346-CR

_____

## APOLONIO RODRIGUEZ, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR39979**

## M E M O R A N D U M   O P I N I O N

Apolonio Rodriguez, III[1] appeals his jury conviction for the offense of unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 31.07 (West 2011). Appellant pleaded "true" to the enhancement paragraph, which alleged that

---

[1]We note that, in the indictment, Appellant's last name is not spelled correctly: there is a "q" where the "g" should be. Prior to trial, the parties agreed that the indictment should be amended to reflect the correct spelling: Rodriguez.

he was previously convicted of two state jail felony offenses: tampering with governmental records and misapplication of fiduciary property. The jury found the enhancement allegations to be true and assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of nine years and a fine of $7,000. In four issues on appeal, Appellant argues that the evidence was insufficient to sustain his conviction, that the State's closing arguments were improper, that the evidence was insufficient to show that Appellant had the requisite mens rea, and that the State's remarks during the punishment phase were improper. We affirm.

*Background Facts*

Beau Moore, the new car and truck manager at Rogers Ford, testified that Appellant was a former employee of Rogers Ford. Rogers Ford is located in Midland. Moore testified that Appellant's employment ended in October 2011. A black 2011 Ford F-150 pickup was last seen on the Rogers Ford lot on October 13, 2011. The pickup in question was a demo vehicle that could be used by managers at Rogers Ford for anything. He stated that demo vehicles are used until they reach approximately 4,000 miles. Only Moore, Kelly Tucker (general manager), Brian Smith (sales manager), Doss Rogers, and Todd Rogers have authority to authorize an employee access to a demo vehicle.

Moore testified that he did not give Appellant permission to take the pickup from Rogers Ford at any time. To his knowledge, no one at Rogers Ford had given Appellant permission to take the pickup. Doss Rogers testified that he did not give Appellant permission to take the pickup off the property. Smith and Tucker both testified that they did not give Appellant permission to use, borrow, or take the pickup off the lot. Moore stated that Appellant would know the company's policy that a regular salesman would not have permission to use a demo vehicle.

2

Kirk Ban, the general manager of Kelly Grimsley Auto Group in Odessa, testified that Appellant worked at Kelly Grimsley from the middle of October 2011 until April 2012. He stated that Appellant told him and other employees at Kelly Grimsley that he had purchased the pickup from Rogers Ford. He testified that Appellant never had permanent tags on the vehicle while he worked there. When Ban inquired about the temporary tags, Appellant said there were problems with the title to the pickup. He also saw Kelly Grimsley temporary tags on the pickup on two different occasions. After the second time, he saw four or five Kelly Grimsley temporary tags inside the vehicle.

On April 12, 2012, Ban called Moore at Rogers Ford to ask him about the pickup. After he received this phone call, Moore stated that he contacted Midland police to file a report. Ban testified that Appellant was terminated from Kelly Grimsley after Ban talked to Rogers Ford and the Midland police. Detective Kevin Wolf of the Midland Police Department testified that, after taking statements from Moore and Ban, he issued an arrest warrant for Appellant.

*Analysis*

In four issues on appeal, Appellant argues (1) that the evidence at trial was insufficient to sustain his conviction, (2) that the State's closing remarks were improper, (3) that the evidence was insufficient to prove Appellant possessed the requisite mens rea, and (4) that the State's remarks during the punishment phase were improper. Appellant contends that, because the vehicle was never reported as stolen and because Appellant drove the vehicle for several months, the evidence is insufficient to convict him or show the requisite criminal culpability. Appellant also contends that the State made improper jury arguments that were beyond the scope of acceptable and allowable closing remarks and subtly commented on Appellant's failure to testify.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits the offense of unauthorized use of a motor vehicle if the person intentionally or knowingly operates another's motor vehicle without the effective consent of the owner. PENAL § 31.07. An owner is a person who has title to the property; possession of the property, whether lawful or not; or a greater right to possession of the property than the actor. *Id.* § 1.07(a)(35)(A) (West Supp. 2014). Effective consent is consent by a person legally authorized to act for the owner. *Id.* § 31.01(3). The accused must be aware that the operation of the vehicle is without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 262–63 (Tex. Crim. App. 1989); *Edwards v. State*, 178 S.W.3d 139, 145 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Operating a vehicle is unlawful only if the accused is aware that the operation of the vehicle is without the owner's consent. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). Testimony that a vehicle owner did not give consent to operate the vehicle can be sufficient to support a finding that the accused knew he did not have consent to operate the vehicle. *Id.* at 604–05.

Moore, Tucker, Smith, and Doss Rogers all testified that they did not give Appellant permission to drive the pickup or take it off the lot. Ban stated that Appellant placed various temporary tags on the vehicle throughout the six months

that he was employed at Kelly Grimsley. Moore also testified that, as a salesman at Rogers Ford, Appellant knew company policy was that regular salesmen did not have access to demo vehicles. There is evidence indicating that Appellant knew he operated the pickup without the owner's effective consent.

The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). We hold that a rational jury could have found beyond a reasonable doubt that Appellant committed the offense as charged. We overrule Appellant's first issue on appeal.

In his third issue, Appellant raises the defense of mistake of fact.[2] In order to preserve error for appellate review, Appellant must make a timely request, objection, or motion that states the grounds for the desired ruling from the trial court. TEX. R. APP. P. 33.1(a). Appellant failed to request a jury instruction about a mistake-of-fact defense. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court is under no duty to sua sponte instruct the jury on unrequested defensive issues. *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). Appellant has not preserved his third issue for appellate review. We overrule Appellant's third issue.

In his second and fourth issues, Appellant complains that improper jury arguments were made by the State during the guilt/innocence and punishment phases of trial. To preserve error for an improper jury argument, a defendant ordinarily should (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the instruction is granted. *Cooks v. State*, 844 S.W.2d

---

[2]"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." PENAL § 8.02(a).

5

697, 727–28 (Tex. Crim. App. 1992). Appellant failed to object to the allegedly improper remarks, failed to request an instruction to disregard, and failed to move for a mistrial during either phase of trial. Appellant has not preserved his second and fourth issues for appellate review. TEX. R. APP. P. 33.1(a); *Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule Appellant's second and fourth issues.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


February 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.